Harper J.
delivered the opinion of the Court.
All the grounds taken in this case may very well be considered together.
If any third person not a party to the note had proposed to the plaintiff, if you will become surety to the note signed by Green Bobo, and William C. Peareson, I will indemnify you ; it caunot be doubted, but that this would have been a' valid contract. It would not have been an undertaking for the debt of another, but an original contract, on sufficient consideration, not embraced by the statute of frauds. I do not perceive that it can make any difference, that such an agreement was made by one of • the parties to the note. It was not offering parol evidence to vary or explain the written contract: it was a collateral contract, independent of, and consistent with it. The law regards all the joint signers of an obligation as principals. It is by assuming an equitable jurisdiction, that evidence is admitted of some of the parties having signed as sureties ; and there is *108 nothing to forbid the further evidence, of their having fixed and arranged their respective liabilities as between themselves, by their own contract: Such is the contract which the presiding Judge supposes to have been made by the evidence before him, and this Court cannot undertake to say, that there was not sufficient evidence to this effect. The expression stated to have been used by Peareson, “ If Bobo is not good for the money, I am,” goes far to shew that Peareson held out his individual credit as an inducement to the plaintiff to sign.
B. M. Peareson, for motion.
A. W. Thomson, contra.
But if we should consider the whole case upon the evidence before us, I do not know that we could come to a different conclusion. The case of Craythorne v. Swinburne, 14 Ves. 160, goes far to decide the one before us; and, as observed in that case, it must be recollected that an action between sureties is an equitable proceeding. The Newcastle Bank had advanced £1200, to Henry Swinburne, on the security of two bonds ; one the joint and several bond of Henry Swinburne as principal, and Craythorne as security; the other the bond of Sir John Swinburne, reciting the former bond, and the advance of the money to Henry Swinburne and Craythorne, at the request of Sir John Swinburne,'with condition tobe void on payment by Henry Swinburne and Craythorne, or either of them. Henry Swinburne died insolvent, Craythorne paid the money, and brought his bill for contribution. It was recognized in the case as the settled law, that as respects the right of contribution between sureties, it is immaterial whether the parties were sureties by the same or a separate instrument, or whether they knew each other to he sureties. The right to contribution was founded on a principle of equity ; but that the sureties' might fix or vary the extent of their liability by their contract. Parol evidence was received of conversations between the partners of the bank and Sir John Swinburne, to show the view with which Sir John Swinburne executed his bond; and Ld. Eldon expressly decided on its admissibility.
From the principles on which the case is decided, it seems clear, that if Sir John Swinburne had signed the joint bond as a third party, he might have shewn by parol that he signed as surety to both, and that both by agreement should .be liable before him; and., if he had paid the money, might have recovered the whole from either. The several motions are therefore refused.